**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Corey Dane Smith, | Case No. 2:25-cv-00350-BNW |
| Plaintiff, | |
| v. | **ORDER and REPORT AND RECOMMENDATION** |
| Steve Wolfson, et al., | |
| Defendants. | |

Plaintiff brings suit against several defendants alleging they violated his constitutional rights. Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. *Id*. His request to proceed *in forma pauperis* (ECF No. 4) will, therefore, be granted. This Court next screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915A(a).

**I.   Screening standard**

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[ ] to state a claim on which relief may be granted," or that "seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678–79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Lastly, Plaintiff's complaint alleged the violation of constitutional rights. Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.     Screening the Complaint**

Plaintiff alleges he was wrongfully imprisoned from January 13, 2024, to October 1, 2024, based on the acts of several district attorneys. These include Steve Wolfson, William Merback, Kayla Simmons, and Kassandra Acosta. They are all named as defendants in this case together with the Clark County District Attorney's Office. In essence, all of Plaintiff's claims stem from his allegation that these defendants initiated a criminal case without having probable cause. In turn, he asserts claims against the individual prosecutors for malicious prosecution, false imprisonment, violation of substantive due process, and a *Monell* claim against the District Attorney's Office for failing to take corrective measures against these defendants.

**A. Clark County District Attorneys**

Plaintiff names Clark County district attorneys Steve Wolfson, William Merback, Kayla Simmons, and Kassandra Acosta as defendants. But prosecutorial immunity protects eligible

government officials when they are acting pursuant to their official role as advocates for the State performing functions "intimately associated with the judicial phase of the criminal process." *Dunn v. Christensen*, No. 2:15-CV-01812-JCM-PAL, 2017 WL 6025343, at *4 (D. Nev. Jan. 27, 2017) (*citing Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123–25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993). Here, Plaintiff claims that Defendants should not have pursued the criminal case against him based on a lack of probable cause. Plaintiff's claims thus arise from actions prosecutors took in their official role as advocates for the State. Accordingly, this Court recommends these Defendants be dismissed with prejudice based on immunity.

### B. Clark County District Attorney's Office

A public agency is not a person or entity subject to suit unless that agency is a separate legal entity. *Hervey v. Estes*, 65 F.3d 784, 791–92 (9th Cir. 1995). Applying Rule 17(b), the Ninth Circuit has held that state law determines the issue of whether a department of a municipality may sue or be sued. *See, e.g.*, *Streit v. Cty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). In Nevada, each county is a political subdivision of the state and an independent legal entity, which means each county can sue or be sued. *Clark Cnty. v. Lewis*, 88 Nev. 354, 498 P.2d 363, 365 (Nev. 1972); Nev. Rev. Stat. § 41.031(2). But the same is not true of a district attorney's office. It is a department of the county, not an independent legal entity. *Id.* § 41.0305. Therefore, the office cannot be sued in its own name. *Wayment v. Holmes*, 112 Nev. 232, 912 P.2d 816, 819–20 (Nev. 1996) (holding that the Washoe County District Attorney's office could not be sued because it was a department of Washoe County, not a political subdivision); *Wright v. City of Las Vegas, Nev.*, 395 F.Supp.2d 789, 794 (S.D. Iowa 2005) ("In Nevada, political subdivisions may be sued; departments of political subdivisions may not."); *Dunn v. Christensen*, No. 2:15-CV-01812-JCM-PAL, 2017 WL 6025343, at *3 (D. Nev. Jan. 27, 2017) (explaining Clark County Attorney's Office is not an independent legal entity authorized to sue or be sue). Thus, the District Attorney's Office is not a proper defendant in this action.

To the extent that Plaintiff wishes to allege municipal liability against Clark County under § 1983, he must allege the existence of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or some "governmental custom," even if that custom has not received formal approval, that resulted in a violation of his civil rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978). A local governmental may not be held responsible for the acts of its employees under a respondeat superior theory of liability, which means a municipal employer is not liable for the wrongful conduct of its employees and agents even if they are acting in the course and scope of their employment. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (explaining that to impose liability on a local government under § 1983, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury); *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1167–68 (9th Cir. 2014) (same). As a result, this Court recommends this claim be dismissed with prejudice.

**C. Leave to Amend**

Plaintiff will be given leave to ammend in the event he chooses to assert a § 1983 *Monell* claim against Clark County, as described above.

**III.   Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's *in forma pauperis* application (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Corey Smith, # 2832176 (in months that the account exceeds $10.00) until the full filing fee has been paid for this action.  The Clerk shall send a copy of this order to the Clark County Detention Center, 330 S. Casino Center Blvd., Las Vegas, NV 89101.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

**IT IS RECOMMENDED** that Plaintiff's claims against Defendants be dismissed with prejudice.

**IT FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, he must do so by May 7, 2025. Failure to comply with this order may result in a recommendation that this case be dismissed. *See* LR IA 11-8.

DATED: April 10, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE