**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Corey Dane Smith, | Case No. 2:25-cv-00350-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Steve Wolfson, et al., | |
| Defendants. | |

This Court previously screened Plaintiff's complaint and recommended that the claims against the then-existing Defendants be dismissed with prejudice and allowed Plaintiff to amend to the extent he wished to assert a *Monell* claim. ECF No. 7. The District Judge adopted the Report and Recommendation in full. ECF No. 10. Before this Court is Plaintiff's amended complaint. ECF No. 9. This Court next screens Plaintiff's amended complaint as required by 28 U.S.C. § 1915A(a).

**I.     SCREENING STANDARD**

This Court required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[ ] to state a claim on which relief may be granted," or that "seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate

that each defendant personally participated in the deprivation of the plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678–79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Lastly, Plaintiff's complaint alleged the violation of constitutional rights. Section 1983 does not create any substantive rights but provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   SCREENING THE COMPLAINT

Plaintiff alleges that the actions of specific Clark County employees (including prosecutors) constituted malicious prosecution and resulted in false imprisonment and the violation of his Fourteenth Amendment right. He alleges these individuals "failed to follow the policies and ordinance regulation of Clark County and the state of Nevada."

A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). In order to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that

the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Here, Plaintiff does not allege that the conduct at play was the result of following a "policy or custom" which led to his injury. Nor does he allege that such policy amounts to deliberate indifference of his constitutional rights or that it was the moving force behind the constitutional violations. Instead, Plaintiff alleges the contrary—that the policy in place was not followed. As a result, this Court will dismiss Plaintiff's complaint with leave to amend.

\*\*\*

This Court notes that Plaintiff has filed a similar case at 2:25-cv-00952-GMN-BNW. This Court has recommended dismissal in that case with the understanding that Plaintiff could include those claims in this case. As a result, to the extent the claims differ, any such second amended complaint shall include those allegations as well.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint (ECF No. 9) is **DISMISSED** with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file a second amended complaint, he must do so by January 13, 2026. Failure to comply with this order will result in a recommendation that this case be dismissed.

DATED: December 10, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE